[Civ. No. 20606.   Second Dist., Div. Two.   Feb. 11, 1955.]

FRED F. DEHN, Respondent, v. ALBERT C. WARD, Appellant.

Milton William Gordon for Appellant.

David Lynn for Respondent.

MOORE, P. J.—The progress of this action through the courts has been marked by unusual vicissitudes. Respondent sued for declaratory relief.  At the conclusion of the trial, January 13, 1953, the court announced that a partnership of the parties had been effected in January 1952 and ordered an accounting to be had.   In January 1954, no accounting having been made, the court resubmitted the matter and thereupon made and filed its findings which in substance appear in a footnote.*

After finding a partnership and ordering an accounting, a year elapsed without action by appellant.  If he had had any wish to abide by such finding and order, he could have done so readily for he had the business and the books under his control during that year and at all times prior thereto.   The finding that the accounting had been abandoned

_____
*See footnote at end of opinion.

is justified by events that passed before the eyes of the judge. But appellant has raised no question as to such abandonment of the accounting. He seeks refuge behind the facts that there was a partnership and no accounting has been had.

From abundant evidence, it was found that at appellant's request respondent loaned him $2,000 June 23, 1952. That sum was to be repaid by appellant when able to do so. He gave no security. He deposited it to the account of himself and wife. Respondent had no control over it. That was purely a loan and was not related to the previous payment by respondent in July 1951. By the agreement of the latter date, respondent was to have a 25 per cent interest in the partnership and business. Appellant never intimated that respondent owned more than the 25 per cent. That fact established that the $2,000 was not a gift or advance to the partnership. When the latter sum was paid, appellant promised to proceed with the incorporation of the business. Later he refused to do so. Not only did respondent loan the $2,000 to appellant, but, despite the finding of a partnership for a period, respondent made it clear to the court that at the time of such loan he believed himself to be an employee of appellant and the latter encouraged that conclusion by his failure to incorporate the partnership after having received the $2,000.

To avoid a multiplicity of lawsuits, the court determined all issues presented by the pleadings. Appellant's indebtedness is one clear-cut issue so determined. Also, the amount of interest on the loan was fairly computed from the date of the loan June 23, 1952, to the day of the findings, January 26, 1954, at 7 per cent per annum. (Cal. Const., art. XX, § 22.)

While appellant contends error in the court's failure to make an accounting, he has not explained *his* failure to render an accounting during the year following the court's order for an accounting; or that such latter failure is due solely to his neglect or to his preference that all the facts be suppressed. At any rate, the necessity for the action was due to appellant's refusal to deal fairly with respondent in their private transactions and the court's failure to enter a judgment on an accounting is to be charged solely to the behavior of appellant. The court found that during the term of the partnership, appellant "drew funds from said business for his own personal use that were required for the payment of the obligations of said business . . . and that said

682

drawings decreased the capital and assets of said business and impaired said capital and assets; and ... were in excess of the net profits of said business; and ... that the capital of said business was impaired and threatened with complete loss and destruction by reason thereof." From such finding it requires no Einstein to compute that any sort of an accounting would impose upon appellant the burden of paying to respondent large sums of money in addition to the amount of the personal debt arising from the loan and from respondent's services. If appellant could not benefit by a reversal, it would be sheer folly to remand this action at his behest. The findings are in no respect unfair or arbitrary. They are justified by abundant evidence. The conclusions follow logically from legal reasoning. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

Judgment affirmed.

McComb, J., and Fox, J., concurred.

---

FINDINGS

II. July 23, 1951, defendant operated an automatic venetian blind laundry on West Imperial Highway in Los Angeles County. On that day he executed a written agreement with plaintiff to the effect that plaintiff would advance $3500 to defendant as a loan, without interest for eight months from date; that defendant concurrently executed his note for such amount payable within eight months to plaintiff; the proceeds to be used for the liquidation of certain outstanding debts of the business, the balance to be used for the advancement of the business, except the sum of $500 which sum should be used by defendant as he deemed fit and proper, and plaintiff should have an option for six months from July 23, 1951, to purchase 25 per cent interest as a copartner, said option to be exercised by plaintiff by his surrender of the note to defendant and by his giving defendant notice of plaintiff's intent to assume the relationship of a copartner with defendant in said business at any time within said six months; that in the event plaintiff did not exercise said option within said period, defendant would pay said note in accordance with its terms; that no further liability would attach to either party; that plaintiff could engage in daily activity in the operation of said business during said six months' period as an employee of defendant and receive a weekly salary to be mutually agreed upon; that upon the exercise of said option by plaintiff, formal articles of copartnership would be drawn and executed embodying all the terms and conditions of the partnership agreeable to said parties.

III. Pursuant to said agreement, plaintiff advanced $3000 to defendant, July 23, 1951; appellant accepted it and delivered his note for $3,500 to plaintiff; a portion of said $3000 was used by defendant to liquidate certain debts of the business; plaintiff continued to be actively engaged in the operation of said business as defendant's employee until January 23, 1952 and was paid a salary of $75 a week, except $225 which remains unpaid.

IV. Within the period of six months provided in said agreement, plaintiff served written notice upon defendant who was thereby advised that in accordance with their July agreement plaintiff desired to exercise

said option and become a partner with 25 per cent interest in the business; that said notice was a notice of intent until formal written articles could be executed; that said note for $3500 was thereupon returned to defendant with said notice.

V. June 23, 1952, plaintiff, at defendant's request, advanced $2000 as a loan to defendant for use in the business; said sum was used by defendant in payment of certain debts of the business.

VI. No written articles were ever executed or drawn, as provided in the agreement of July 1951 and in the notice of January 23, 1952.

VII. Plaintiff continued to engage in daily activity in the operation of said business and devoted all his time thereto from July 23, 1951 to August 27, 1952; plaintiff has performed the terms and provisions of said agreement of July 1951 on his part to be performed except the sum of $3000 was paid thereunder instead of $3500 and defendant accepted the $3000 in performance of the July contract.

VIII. April 24, 1950, defendant filed his certificate of business as required by section 2466 and 2468 of the Civil Code, whereby he represented himself as an individual doing business under the name and style of Automatic Venetian Blind Laundry; said business has at all times since the filing of said certificate been operated under said name and style and no other certificate of business has ever been published or filed.

IX. A partnership was established between plaintiff and defendant January 23, 1952 wherein plaintiff received a 25 per cent interest and defendant 75 per cent interest; said partnership was wrongfully terminated by defendant August 26, 1952; plaintiff was an employee of defendant from July 23, 1951 to January 23, 1952; plaintiff received $75 a week for his services as such employee from July 23, 1951 to January 23, 1952, except the sum of $225 which remains unpaid.

X. About August 27, 1952, defendant threatened plaintiff with great bodily harm and excluded plaintiff from the business and took exclusive possession of its premises.

XI. During the existence of said partnership, defendant was guilty of such conduct as tended to affect prejudicially the conduct of the business; he so conducted himself in matters relating to said business that it was not reasonably practicable to carry on the business with him; said business could only be carried on at a loss in that defendant drew funds from said business for his own personal use that were required for the payment of the debts of the business; such drawings were in excess of defendant's interest and decreased and impaired the capital assets; said drawings were in excess of the profits of said business and their withdrawal threatened the financial worth and structure of the business and caused it to operate at a loss; defendant repeatedly on many occasions refused to accept the business suggestions of plaintiff in the operation of the business; he persistently insisted upon his own way and refused to consult with plaintiff concerning the business; defendant discontinued to advertise the business and refused to advertise it and drew all business funds from the bank; took the books of the business into his exclusive possession and control and refused plaintiff permission to examine same; that said business was operated at a loss by reason of such conduct of defendant; that the capital of the business was impaired. and threatened with complete loss and dissolution by reason thereof; August 26, 1952, defendant took exclusive possession of the business and all the funds and records thereof and excluded plaintiff from access to same.

XII. An actual controversy has arisen between plaintiff and defendant concerning the agreement of January 1951 and the notice of January 1952 and concerning said business and relationship existing between the

parties in regard thereto and the rights and duties toward one another as follows:

(a) Plaintiff contends that a partnership never came into existence; plaintiff has been an employee of defendant and is entitled to $75 a week for services to the business; defendant contends that plaintiff is a partner, is entitled to no salary and is entitled to 25 per cent of the net profits regardless of his services;

(b) Plaintiff contends that a partnership never arose or came into existence; that he is entitled to $3500 from defendant for moneys advanced on said note and to $2000 advanced as a loan to the business plus $75 a week for services to said business; defendant contends that plaintiff is a partner in said business and is entitled to no salary for his said services and to 25 per cent of the assets of the business and is liable for 25 per cent of its debts; the $75 a week paid plaintiff is a draw by plaintiff against 25 per cent of the net profits.

XIII. Defendant is indebted to the plaintiff in the sum of $2000 with interest from June 23, 1952 at 7 per cent per annum for the loan of that day and is indebted to plaintiff in the sum of $225 as salary earned and unpaid.

XIV. Prior to the filing of this action, plaintiff demanded from defendant said $2000 plus the unpaid salary, which sums defendant refused to pay.

XV. An accounting cannot be had and has been abandoned as between the parties.

XVI. All the allegations in the pleadings consistent with the foregoing findings are true and all allegations inconsistent with the above findings are untrue.

XVII. Plaintiff is entitled to a dissolution of said partnership effective as of August 26, 1952; said partnership was dissolved and wholly terminated on said date.

The court concluded:

I. That a justiciable controversy has arisen concerning the agreement of January 1951 and the notice dated January 23, 1952 and concerning the business known as Automatic Venetian Blind Laundry and the relationship of the parties in regard thereto and their rights and duties toward one another.

II. Plaintiff was the employee of defendant from July 23, 1951 to January 23, 1952.

III. A partnership was established by the parties January 23, 1952 and was wrongfully terminated by defendant August 26, 1952.

IV. Plaintiff is entitled to a dissolution of the partnership and same was dissolved August 26, 1952.

V. and VI. Plaintiff is entitled to recover from defendant $2000.00 with 7 per cent interest per annum from June 23, 1952 to the date of judgment in the sum of $209.50. Plaintiff is entitled to recover $225 as salary.

VII. An accounting ordered January 13, 1952, not having been made and same having been abandoned, said order and accounting are and each is hereby vacated.

VIII. The preliminary injunction is hereby dissolved.

IX. Each party to bear own costs of suit.